

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00248-CV

---

CARY ALLEN SIMMANG, APPELLANT

V.

STANDARD LIFE AND CASUALTY INSURANCE COMPANY, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 110014-A-CV, Honorable Dee Johnson, Presiding

---

October 25, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Cary Allen Simmang, proceeding pro se, appeals from the trial court's *Final Take Nothing Judgment*. The clerk's record has been filed. The reporter's record was due September 11, 2023, but was not filed. That day, the reporter notified the Court that Simmang failed to request preparation and make payment arrangements for the

record.[1]  On October 17, 2023, Simmang filed a letter with the Clerk of the Court representing that he had both requested and "paid court reporter's fees long ago."

Under Rule of Appellate Procedure 35.3(b), it is the appellant's responsibility to request preparation and make payment arrangements for the reporter's record.  When an appellant fails to do so, we may consider and decide an appeal without a reporter's record, unless appellant is entitled to proceed without payment of costs. *See* TEX. R. APP. P. 37.3(c).

Because we are unable to determine whether Simmang has complied with Rule of Appellate Procedure 35.3(b), we abate the appeal and remand this cause to the trial court to hold a hearing, by whatever means necessary, and determine (1) whether Simmang requested preparation of the reporter's record; (2) if so, what portions of the reporter's record were requested; (3) whether Simmang paid for the preparation of the requested portions of the reporter's record; and (4) if Simmang has not paid for the reporter's record, whether he is entitled to proceed without payment of costs.  *See* TEX. R. APP. P. 35.3(c) (providing that the trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed); TEX. R. CIV. P. 145 (concerning indigence and payment of costs).  The trial court shall enter its findings in a written order and include the order in a supplemental clerk's record which it must cause to be filed with this Court by November 27, 2023.

Per Curiam

---

[1] We subsequently notified Simmang of his responsibility to request and pay for the reporter's record.  Simmang did not file a response.  Thus, by letter of October 12, 2023, we set Simmang's brief due without the benefit of a reporter's record pursuant to Rule of Appellate Procedure 37.3(c).  We now vacate Simmang's current briefing deadline.